

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DON PARKER,

    Plaintiff,

-VS-

CONN APPLIANCES, INC.,

    Defendant.

_____/

CASE NO.: 3:16-cv-381 DPJ-FKB

## COMPLAINT

COMES NOW, Plaintiff, Don Parker, by and through the undersigned counsel, and sues Defendant, CONN APPLIANCES, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CONN APPLIANCES, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.    According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.    Venue is proper in this District as Plaintiff resides within this District (Warren County, Mississippi), the violations described in this Complaint occurred in this District and the Defendant transacts business within Warren County, Mississippi.

## FACTUAL ALLEGATIONS

8.    Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Warren County, Mississippi.

9.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, CONN APPLIANCES, INC., is a corporation which was formed in Texas with its principal place of business located at 4055 TECHNOLOGY FOREST BLVD STE 210, THE WOODLANDS, TX 77381-2008 and which conducts business in the State of Mississippi through its registered agent, C T Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (601) ***-5158, and was the called party and recipient of Defendant's hereinafter described calls.

12. In or about September of 2015, Defendant initiated its campaign of automated phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (409) 291-5864, (409) 291-5006, (409) 291-5844, (409) 291-5870, (409) 291-7003, (800) 511-5750, (409) 291-5067, (409) 291-5137, (409) 291-8588, (409) 299-3557, (409) 291-5135, (409) 291-5137.

13. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he heard a pre-recorded message stating "This is an important message for Donald Parker, this is Conn's calling, please give us a call at…" when he answered a phone call from Defendant.

14. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

16. In or about November of 2015, due to the ceaseless barrage of phone call received from the Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message stating that the call was from Conn's Appliances, to please hold the line to speak with a live representative, was eventually connected to an an agent/representative of the Defendant, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

17. During the aforementioned November of 2015, phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

18. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

19. Again, in or about January of 2016, due to the continued calls to his aforementioned cellular telephone number by Defendant, Plaintiff again answered a call from Defendant, received Defendant's pre-recorded message, held the line to speak with a live representative, was eventually connected and informed an agent/representative of the Defendant that he had previously asked them to stop calling, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

21. On more than twenty (20) separate occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

22. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

23. From about September of 2015 through the filing of this Complaint, Defendant has made approximately two calls a day, or about three-hundred (300) calls to Plaintiff's cellular telephone number, or as will be established after a thorough review of Defendant's records. [Please see attached **Exhibit A,** demonstrating a non-exclusive call log of 81 calls received in about a five week period from October 24, 2015 to November 28, 2015.]

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant to remove the number.

25. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

26. Defenant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

27. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

28. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

29. Defenant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

30. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

31. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jason Graeber. Esquire
Mississippi Bar #:101267
Jason Graeber Law Office
2462 Pas Road
Biloxi, MS 39531
Tele: (228) 207-7117
jason@jasongraeberlaw.com
*Designated Local Counsel for Plaintiff*

And


_____
Shaughn Hill, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
SHill@ForThePeople.com
LCrouch@ForThePeople.com
Florida Bar #: 0105998
*Application to Appear Pro Hac Vice Pending*